IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JENNIFER LEA VERA,  :
    Plaintiff,  : CIVIL ACTION
      :
v.  :
      :
COMMISSIONER OF THE SOCIAL  : No. 18-3781
SECURITY ADMINISTRATION,  :
    Defendant.  :

### MEMORANDUM OPINION

**Timothy R. Rice**                                                                              April 1, 2019
**U.S. Magistrate Judge**

Plaintiff Jennifer Vera, age 51 at the alleged onset of disability, suffers from multiple mental impairments, including Polysubstance Dependence. R. at 15, 24. She argues the Administrative Law Judge (ALJ) erred in denying her application for widow's Disability Insurance Benefits by finding without substantial evidence that she: (1) suffers from substance abuse; and (2) would be able to work if she did not use drugs or alcohol. Pl. Br. (doc. 14) at 3. I disagree and deny Vera's claim.[1]

The ALJ acknowledged Vera met two Listings when her functionality was considered under the influence of drugs and alcohol.[2] R. at 16-18. He found, however, that when assessed

---

[1] Vera consented to my jurisdiction on November 28, 2018 (doc. 12), pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 72, Local Rule 72.1, and Standing Order, In re Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018). See also Roell v. Withrow, 538 U.S. 580, 584 (2003) (consent to Magistrate Judge jurisdiction can be inferred from failure to object after notice and opportunity).

[2] The Listing of Impairments is a regulatory device used to streamline benefits determinations by defining medical impairments that would prevent an adult, regardless of age, education, or work experience, from performing any gainful activity, not just substantial gainful activity. Sullivan v. Zebley, 493 U.S. 521, 532 (1990); 20 C.F.R. §§ 404.1525(a).

in periods of sobriety, Vera failed to meet any Listing and had the Residual Functional Capacity (RFC) to perform work available in the national economy.[3]

Under the Social Security Act, disablity benefits are not available to claimants whose substance abuse is a material "contributing factor" to the ALJ's conclusion that they are disabled. 42 U.S.C. § 423(d)(2)(C). Regulations provide that claimants who would be able to work if they stopped using drugs or alcohol are not entitled to benefits. 20 C.F.R. § 404.1535(b). The Commissioner has instructed ALJs how to make this determination. SSR 13-2p, 2013 WL 621536. They must find: (1) a substance abuse disorder; (2) the claimant is disabled with the substance abuse disorder; (3) the substance abuse disorder is relevant to the time period under consideration; and (4) if the claimant was not using, he or she would be able to work. Id. at *4.

The ALJ determined Vera suffered from polysubstance abuse disorder based on: (1) her May 2014 drug screen, which was positive for amphetamines, methamphetamines and benzodiazepines and resulted in her hospitalization;[4] (2) her condition at that time, which was "floridly psychotic, extremely paranoid and delusional"; (3) her report that, although her doctor had prescribed her benzodiazepines, she did not take them daily; (4) her report that she drank

---

[3] A claimant's RFC reflects "the most [she] can still do [in a work setting] despite [her] limitations." 20 C.F.R. §§ 404.1545(a). The ALJ found Vera could "perform a full range of work at all exertional levels but with the following nonexertional limitations: each day the same job site, tasks and co-workers; no public interaction[;] no more than routine repetitive tasks, and short periods of inattention can be made up by the end of the work shift or workday." R. at 20.

[4] Vera argues her prescription medications account for these test results. Pl. Br. at 5-6. She had been prescribed an amphetamine-like medication at that time. R. at 347. There is no indication in the record, however, that her positive amphetamine and methamphetamine tests resulted from this medication, and there is no evidence in the record that she was ever prescribed a benzodiazepine or barbiturate. Nonetheless, she reported upon her inpatient admission that she had been prescribed a barbiturate, id. at 280, even though she denied ever taking a prescription barbiturate on June 10, 2014, less than one month after her hospitalization. Id. at 411.

alcohol regularly and had been drinking before her admission; (5) her diagnosis of polysubstance dependency and abuse; (6) her admission, after discharge in July 2014, that she was still drinking "every now and then," and her request to be taken off a psychiatric medication so she could continue drinking; (7) her November 2015 referral to Children and Youth Services, on the basis of reported drug and alcohol abuse; and (8) her January 2016 through June 2016 testing, which suggested alcohol use. R. at 22-23. The ALJ accurately summarized these records. <u>See</u>, <u>e.g.</u>, <u>id.</u> at 53-54, 57, 266, 276-77, 280-81, 299, 375, 433-36. He properly relied on a diagnosis from an acceptable medical source, SSR 13-2p, 2013 WL 621536, at *10, and set forth substantial evidence to support his finding that Vera suffered from substance abuse. <u>See</u> <u>Martin v. Comm'r of Soc. Sec.</u>, 547 F. App'x 153, 158 (3d Cir. 2013).

With respect to Vera's RFC without drugs or alcohol, the ALJ based his determination on: (1) the claimant's treatment history; (2) the objective clinical findings; (3) Vera's subjective statements; and (4) all of the evidence of record. R. at 23. He explained that this included evidence from late 2014 and 2017 that, "during reported periods of sobriety, [Vera] was pleasant and cooperative, goal directed, denied suicidal ideations, and did not evidence any paranoia," and that "[s]he was able to function and take care of her activities of daily living even when not properly taking her psychiatric medications." <u>Id.</u> He further noted that, "[e]ven when she [only] reduced her drinking . . . her symptoms improved and she demonstrated adequate memory, attention, and concentration." <u>Id.</u> The ALJ found the records predating her 2014 drug screens showed no history of paranoia or psychosis, and that since then she was able to cook and clean, get along with others, run with her son, spend extensive amounts of time speaking with a friend in Australia on the phone, and travel to Australia. <u>Id.</u> at 24. The ALJ also noted her testimony denying substance abuse was inconsistent with the medical record. <u>Id.</u>

3

The ALJ, again, accurately summarized the record. See id. at 53-54, 57 (testimony) 313-33 (2013 medical records), 353-431 (Ex. 5F) and 442-66 (Ex. 9F). He reasonably inferred Vera's RFC in the absence of substance abuse based on her periods of sobriety. See SSR 13-2p, at *12. The ALJ adequately explained the basis for his decision, and supported it with substantial evidence from the record. See id. at *14; Martin, 547 F. App'x at 159.

An appropriate Order accompanies this opinion.